# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA AUDIT,

    Plaintiff,

        v.

SCHEDULE A DEFENDANTS,

    Defendants

**Case No.: 2:26-cv-00165**

Hon. Judge William S. Stickman

## [UNOPPOSED] DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER TO PLAINTIFF'S COMPLAINT NUNC PRO TUNC

**NOW COME** Defendants BEAUTIFUL POSTER PAINTING and JOYFUL AND PLEASING PAINTINGS (collectively "Defendants"), by and through their undersigned counsel, and hereby moves this Court to extend the time to file responsive pleadings to Plaintiff's Complaint. In support of this motion, Defendants state as follows:

1. Plaintiff filed its Complaint on January 30, 2026 [Dkt. 1].

2. Plaintiff ostensibly served summons onto Defendants on February 16, 2026 [Dkt. 29], therefore responsive pleadings were due on March 9, 2026.

3. Beginning the week of March 9, 2026, Defendants and Plaintiff initiated discussions regarding a global settlement across multiple copyright cases, including the instant case. On March 11, 2026, all parties' counsel agreed to stay briefings in all involved cases, including the instant one for 30 days. On March 13, 2026, all parties held a conference to discuss settlement for all involved cases.

4. One of Defendants' accounts was subject to asset restraint and received notice of this action through that restraint; however, that Defendant does not appear on Schedule A as

filed on the docket. As a result, Defendants required additional time to confirm the scope of the claims and whether that Defendant was properly included in this action.

5. On March 24, 2026, Defendants sought further confirmation of Plaintiff's consent to a thirty (30) day extension or stay of briefings involving our clients in the instant case, and Plaintiff confirmed that it does not oppose the relief requested herein.

6. Despite this agreement, on March 26, 2026, Plaintiffs requested an entry of default against all defendants, including one of the defendants represented by undersigned counsel, JOYFUL AND PLEASING PAINTINGS.

7. Since undersigned counsel's retention in this matter, Defendants have actively participated in these good-faith efforts to resolve the dispute without further motion practice.

8. To allow the parties to continue exploring settlement opportunities and potentially resolve this matter amicably, the undersigned respectfully seeks an extension of time for Defendants to file their responsive pleadings to Plaintiff's Complaint on or before April 25, 2026.

9. Undersigned counsel further requests that the Court direct no default be entered against Defendant JOYFUL AND PLEASING PAINTINGS.

10. Any delay was not the result of disregard for the Court's deadlines but arose in the context of ongoing, good-faith settlement discussions during which the parties agreed to hold briefing in abeyance, and counsel did not formalize that agreement by motion prior to the deadline. Defendants respectfully submit that the delay constitutes excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B).

11. This Court may, for good cause, extend the time to act after a deadline has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In the Third Circuit, excusable neglect is an "elastic concept," and courts consider all relevant circumstances, including prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993); *see also Kimberg v. Univ. of Scranton*, 411 F. App'x 473, 477 (3d Cir. 2010) (quoting *Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298*, 1312 (3d Cir. 1995)) (at a minimum, excusable neglect requires good faith and some reasonable basis for noncompliance). Allowing Defendants to respond here would also accord with the Third Circuit's strong preference that cases be resolved on the merits whenever practicable, as default judgments are generally disfavored. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73, 75 (3d Cir. 1987).

12. Here, the brief delay resulted from counsel's good-faith reliance on the parties' agreement to defer briefing while actively pursuing settlement, during which counsel was engaged in coordinating and filing related motions for extensions or stays across multiple actions, as well as confirming the identity and status of Defendants in light of discrepancies between the asset restraint and the filed Schedule A.

13. Allowing Defendants to respond will not prejudice Plaintiff, particularly where Plaintiff has consented to the requested extension and settlement discussions remain ongoing, and where clarification of the proper parties is necessary to ensure that this matter proceeds on the merits.

14. This is Defendants' first motion for an extension of time to file responsive pleadings.

**WHEREFORE**, Group A Defendants respectfully request that this Honorable Court enter an Order:

A.  extending the date on which Defendants' responsive pleadings to Plaintiff's Complaint are due to <u>April 25, 2026</u>; and

B.  directing that no default be entered against Defendants,

C.  for such other and further relief as the Court may deem just and proper.

Dated: March 26, 2026

Respectfully Submitted,

*/s/ Jiyuan Zhang*
Jiyuan Zhang, Esq (ID: 5707401)
**J. Zhang and Associates, P.C.**
37-12 Prince Street, Ste 9C
Flushing, NY 11354
T: 718-701-5098
jz@jzhanglaws.com
contact@jzhanglaws.com

**Attorney for Defendants,**
*Beautiful poster painting, Joyful and pleasing paintings*

**AFFIRMATION OF SERVICE**

I, Jiyuan Zhang, an attorney, certifies that on March 26, 2026, a true and correct copy of

**[UNOPPOSED] DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE**

**ANSWER TO PLAINTIFF'S COMPLAINT NUNC PRO TUNC** was filed via the CM/ECF

electronic filing system, thereby serving it upon all counsel of record and interested parties.


*/s/ Jiyuan Zhang*
Jiyuan Zhang